UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

UNITED STATES OF AMERICA

    -v-                            No.  10-CR-905-LTS

JOSE BETANCOURT,

      Defendant.

--------------------------------------------------------x

<u>ORDER</u>

Mr. Betancourt has moved for early termination of his supervised release term. (Docket Entry no. 2384.)  The Probation Office does not oppose Mr. Betancourt's motion, and the Government defers to Probation.  (Docket Entry no. 2395.)  The Court has reviewed the parties' submissions carefully and, for the following reasons, Mr. Betancourt's motion is granted.

Section 3583 provides that the Court may, after considering the factors set forth in Section 3553(a) of Title 18 of the United States Code, "terminate a term of supervised release . . . after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  18 U.S.C.A. § 3583(e)(1) (West 2023).  The Guide to Judiciary Policy likewise recognizes that the Court may terminate "terms of supervised release . . . in felony cases after the expiration of one year of supervision, if the court is satisfied that such action is warranted by the conduct of the person under supervision and is in the interest of justice."  Guide to Judiciary Policy, Volume 8E, Chapter 3, § 360.20(a)(2).

The Second Circuit has held that "changed circumstances" such as "exceptionally good behavior by the defendant" may "[o]ccasionally" warrant the early

termination of supervised release.  U.S. v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997).  However, "[a] defendant's faithful compliance with the terms of his supervision does not, by itself, entitle him to modification or termination of his term of supervised release."  U.S. v. Bouchareb, 76 F. Supp. 3d 478, 479 (S.D.N.Y. 2014) (quoting United States v. Flores, No. 99-CR-1110, 2010 WL 2573385, at *1 (S.D.N.Y. June 28, 2010)).

On May 13, 2013, Mr. Betancourt pleaded guilty to conspiring to distribute and possess with intent to distribute 1,000 kilograms or more of mixtures and substances containing a detectable amount of marijuana in violation of Title 21, United States Code, Sections 841(b)(1)(A) and 846.  (Docket Entry no. 2395 at 1.)  The Court sentenced Mr. Betancourt to 120 months' incarceration, followed by a five-year period of supervised release.  (Id.)  Mr. Betancourt completed his custodial sentence and commenced his term of supervised release on December 31, 2020, and his term of supervised release is set to expire on December 30, 2025.  (Id.)  To date, Mr. Betancourt has completed nearly half of his period of supervised release.

Mr. Betancourt has moved for early termination of his supervised release on the grounds that he satisfies each factor for early termination.  (Docket Entry no. 2384.)  He represents that, since his release, he obtained a full-time job in the roofing industry.  (Id. at 1.)  Mr. Betancourt describes commendable achievements at work:  he has obtained several OSHA certifications that exceed the requirements of his job, has been awarded bonuses for his excellent performance, and was recently promoted to a management position.  (Id. at 2.)  Mr. Betancourt also notes that he supports his wife, two sons, and recently-widowed mother in law.  (Id.)  In his spare time, Mr. Betancourt volunteers at his local food bank.  (Id.)

"Based on [Mr. Betancourt's] progress, Probation does not oppose the

Motion," and the Government "defers to Probation." (Docket Entry no. 2394 at 2.) In addition to observing that Mr. Betancourt "maintains steady employment and a stable residence," Probation confirmed there have been no new arrests or warrants for Mr. Betancourt. (Id. at 1.)

The Court, having considered the factors set forth in both 18 U.S.C. section 3553(a), and the Guide to Judiciary Policy, Volume 8E, Chapter 3, section 360.20(a), concludes that early termination of Mr. Betancourt's supervised release is in the interest of justice because Mr. Betancourt has complied with the conditions of his supervised release and has demonstrated "exceptionally good behavior" since he began his supervised release. See Lussier, 104 F.3d at 36.

For these reasons, Mr. Betancourt's motion for early termination is granted, effective May 22, 2023. Because the Court is modifying the terms of Mr. Betancourt's supervised release in his favor, the Court is not required to hold a hearing. (Fed. R. Crim. P. 32.1(c)(2)(B) ("A hearing is not required if . . . the relief sought is favorable to the person and does not extend the term of probation or of supervised release"); see also 18 U.S.C. § 3583(e)(1) (supervised release may be terminated "pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation").)

This Order resolves Docket Entry no. 2384. The Clerk of Court is respectfully

directed to mail a copy of this Order to Mr. Betancourt at the address below.

       SO ORDERED.

Dated: New York, New York
      May 19, 2023

                                 _/s/ Laura Taylor Swain___
                                 LAURA TAYLOR SWAIN
                                 Chief United States District Judge

Mailed to:

Jose Betancourt
14963 SW 18 Terrace
Miami, FL 33185